Van Ness *v.* Van Ness.

---

JACOB S. VAN NESS, appellant,

*v.*

EPHRAIM VAN NESS, respondent.

1. The practice in this state is, on a reference to a master, for such officer to take the testimony and hear the arguments of counsel, and thereupon to make up and file his report without notice to the respective counsel.

2. An order being made to re-refer an account stated and filed by a master, "for the purposes and with the powers mentioned in·the

original order of reference, to state an account between the parties with particularity, and that the said master have power to take further evidence,"—*Held*, that such order gave authority to the parties to introduce such as they respectively deemed requisite.

On appeal from a decree of the vice-chancellor, reported in *Van Ness* v. *Van Ness, 5 Stew. Eq. 569.*

*Messrs. C. & R. W. Parker*, for appellant, cited—

*1 Newl. 329; Remsen* v. *Remsen, 2 Johns. Ch. 501; Copeland* v. *Crane, 9 Pick. 73; Napier* v. *Staples, 1 Mol. 928; 1 Mol. 231; 4 Mad. 43; 2 Smith 121; Bennet 85; Turn. & V. 428; Bowker* v. *Nickson, 3 Mad. 429.*

*Mr. David A. Ryerson*, for the respondent, cited—

*Parkhurst* v. *Muir, 3 Hal. Ch. 555; Patrick* v. *Ashcroft, 5 C. E. Gr. 198; Haulenbeck* v. *Cronkright, 8 C. E. Gr. 407; Clark* v. *Condit, 6 C. E. Gr. 322; Murray* v. *Elston, 9 C. E. Gr. 310, 589; Izard* v. *Bodine, 1 Stock. 309; Sinnickson* v. *Bruere, 1 Stock. 659; Blauvelt* v. *Ackerman, 8 C. E. Gr. 495; 10 Id. 570.*

The opinion of the court was delivered by

BEASLEY, C. J.

This was a bill by one partner against his associate, for an accounting after dissolution. There was an order to account, and a reference to a master. Accordingly the master reported, finding a large balance due from the appellant to the respondent. To such finding the appellant took exceptions, which being overruled and a final decree taken, this appeal was taken in order to review the propriety of the proceedings before the master.

The first exception urged against such proceedings, is that the master did not, after preparing his report and before filing it, give the parties an opportunity of appearing before him to inspect it and to point out errors and suggest

Van Ness *v.* Van Ness.

amendments.   To show that this is the proper course, the
English books are referred to, but it is not necessary to look
into these authorities, as the practice in this particular, in
this state, is settled by immemorial usage.   The course here
is for the master to take the testimony of the litigants, and,
after that is in, to hear the arguments of the respective
counsel.   This being done, he then proceeds to make up
his account, which he files without first having exhibited it
to the parties.   The proceeding is then ripe for exceptions
to be interposed to the report, and these are heard before
the chancellor.   In this case, the master's conduct was, in
this particular, regular and unobjectionable, and this first
exception must be overruled.

The next objection is, that the master refused to receive
further evidence, upon the accounts being sent back to him
by an order of the chancellor.   The record shows that, when
the matter was first sent to the master "to take and state
an account of partnership dealings between the parties,"
a. report was sent in and put on file, which, without any
specification of items, found a gross sum in favor of the·
respondent.   Objection being taken, the matter was "again
referred to said master for the purposes and with the pow-
ers mentioned in the original order of reference to state an
account between the parties with particularity, and that
said master have power to take further evidence."   The
construction put upon this order by the master was that all
he was authorized to do was to restate the accounts, setting
out the particulars, on the evidence already before him.
He consequently refused to hear any further testimony.   I
am not able to see how such a construction of the order of
the chancellor is to be justified.   There is strong reason to
believe that justice has not been done, as this matter now
stands, and that the introduction of further evidence is
necessary in order to enable a satisfactory judgment to be
pronounced on the merits of the case.   My consideration
of the facts now before this court has brought me to the
conviction that it is highly proper that these accounts should

be again before the master, and that both sides should be allowed to put in such additional testimony as they may deem requisite.

I shall consequently vote to reverse this decree, so that an order may be made conformable to the above views.

*Decree unanimously reversed.*